IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                            Criminal No.  2:99CR2

ROBERT LEE KLEIN,
          Defendant.

## REPORT AND RECOMMENDATION/OPINION

On the 24th day of August 2009, came the defendant, Robert Lee Klein,  in person and by

his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States

Attorney, Sherry Muncy,  pursuant to a Petition for Warrant or Summons for Offender Under

Supervision  filed in this case on July 19, 2004, alleging Defendant violated conditions of his

supervised release as follows:

1.      Violation of Mandatory Condition: While on supervised release, the defendant shall not
        commit another federal, state, or local crime and shall not possess a firearm, ammunition, or
        destructive device as defined in 18 USC section 921.

        On May 7, 2004, the supervising probation officer was notified by Trooper Chumley
        of the West Virginia State Police that he had arrested the defendant for Sexual Abuse
        by a Parent, Custodian, or Guardian.  According to court documents, the defendant
        was indicted by the Hardy Count Grand Jury for 20 Counts of Sexual Assault in the
        Third Degree and 21 counts of Sexual Abuse by a Custodian on June 1, 2004.

        On July 13, 2004, the Hardy County Probation Department notified the supervising
        probation officer that the defendant had pled no contest to five counts of Sexual
        Assault in the Third Degree in the Hardy County Circuit Court on June 25, 2004.
        According to court documents . . . , the court did find the defendant guilty and
        convicted of five counts of felony offense of Sexual Assault in the Third Degree.
        Sentencing remains pending in this matter.[1]

Prior to the taking of evidence, Defendant waived the hearing and admitted the conduct

alleged in the Petition.   Counsel for both parties advised the Court that they had agreed an

appropriate sentence for the violation would be 21 months incarceration.  They also had agreed that

---

[1]Defendant has since been sentenced and is currently incarcerated on the State charges.

the undersigned United States Magistrate Judge may put that agreed disposition in a Report and Recommendation to the District Judge, who could then make the final decision with or without holding a hearing.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the hearing and admit to the violations. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the hearing and admit to the violations was knowingly and voluntarily made. The Court also determined Defendant agreed with counsels' suggested disposition of the matter, and acknowledged that he understood that the recommended disposition would be 21 months to be served consecutively to his State sentence. Further, Defendant understood that the District Judge was not bound by this agreement, and might sentence him to more time than that agreed to by the parties.

Upon consideration of all which, the Court finds clear and convincing evidence that defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed July 19, 2004.

The Court respectfully recommends Defendant be sentenced to a term of incarceration of 21 months.

## Recommendation

For the reasons herein stated, the undersigned accordingly respectfully **RECOMMENDS** Defendant be found to have violated his conditions of supervised release as alleged in the Petition and that he be sentenced to a term of incarceration of 21 months, to be served consecutive to any State sentence.

Any party may, within ten (10) days after being served with a copy of this Report and

Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Proposed Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 24th day of August, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE